**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Joseph Gonzalez Perez,<br>Petitioner<br>v.<br>John Mattos, et al.,<br>Respondents | Case No.: 2:26-cv-00753-JAD-MDC<br><br>**Order Denying Habeas Relief and Closing Case**<br><br>[ECF No. 8] |

Petitioner Joseph Alexander Gonzalez Perez is a Honduran citizen who was taken into custody by Immigration and Customs Enforcement (ICE) officials in October 2025. He has been in ICE detention at the Nevada Southern Detention Center in Pahrump, Nevada since his arrest. Gonzalez Perez seeks a writ of habeas corpus, alleging that he did not receive a constitutionally adequate bond hearing in violation of his due-process rights. The government responds that Gonzalez Perez hasn't exhausted his administrative remedies because he failed to appeal to the Board of Immigration Appeals (BIA).

Placing the burden on the petitioner during an 8 U.S.C. § 1226(a) bond hearing does not facially violate the due-process clause. Gonzalez Perez fails to identify any facts that require a burden shift, so the immigration judge did not violate his due-process rights during his custody redetermination hearing and appeal to the BIA would not have been futile. Gonzalez Perez needed to exhaust his administrative remedies before seeking habeas relief. I thus deny his petition for a renewed bond hearing or release.

## Discussion

### A. Gonzalez Perez needed to exhaust his administrative remedies.

On March 9, 2026, Gonzalez Perez sought a hearing from an immigration judge (IJ) over whether he should be released from detention while his removal proceedings were ongoing.[1] The IJ denied the motion, finding that Gonzalez Perez posed a flight risk because of his "limited ties" to the United States.[2] The government argues that Gonzalez Perez failed to exhaust his administrative remedies.[3] It cites to the Ninth Circuit's opinions in *Leonardo v. Crawford*[4] and *Laing v. Ashcroft*[5] to contend that a petitioner must appeal the IJ's bond determination decision prior to filing a habeas petition.[6] Gonzalez Perez responds that waiting for the results of an administrative appeal would be futile because, at the time of his filing, the BIA maintained that noncitizens like Gonzalez Perez are subject to mandatory detention.[7] Gonzalez Perez also argues that exhaustion would be futile because the IJ violated his due-process rights by improperly placing the burden on him during his custody-redetermination hearing and "based its detention

---

[1] ECF No. 8 at 2. The filings didn't specify the legal authority under which the government detained Gonzalez Perez. I ordered the government to file a supplemental notice identifying under which authority Gonzalez Perez was initially detained and whether the government conducted a pre-deprivation custody determination under 8 U.S.C. § 1226(a). ECF No. 17. The government's supplemental notice "acknowledge[d]" that per *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026), noncitizens like Gonzalez Perez "fall under the discretionary detention parameters" of § 1226(a). ECF No. 18 at 1. The government also attached Gonzalez Perez's I-286 Notice of Custody Determination form. *Id.* at 5–6. The government reiterated its argument that Gonzalez Perez failed to exhaust his administrative remedies. *See id.* at 2–4.

[2] ECF No. 8 at 12–14; *see* ECF No. 9 at 4.

[3] ECF No. 14 at 4.

[4] *Leonardo v. Crawford*, 646 F.3d 1157 (9th Cir. 2011).

[5] *Laing v. Ashcroft*, 370 F.3d 994 (9th Cir. 2004).

[6] ECF No. 14 at 2–4.

[7] ECF No. 15 at 3.

order upon a set of unconvincing and inaccurate findings."[8] The BIA, he argues, would defer to those findings.[9] Gonzalez Perez concludes that he would suffer irreparable injury during prolonged detention if required to wait for the BIA's review while he "remains in jail in violation of his due-process rights."[10]

### *1. The IJ held a bond hearing and did not subject Gonzalez Perez to mandatory detention.*

The Ninth Circuit has explained that "the exhaustion requirement is prudential, rather than jurisdictional, for habeas claims."[11] "[A] court may waive the prudential exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'"[12]

Gonzalez Perez argues that while "purport[ing] to consider [his] request for bond," the IJ relied on BIA precedent that required mandatory detention of noncitizens detained under 8 U.S.C. § 1226(a).[13] But the evidence does not show that the IJ conducted a perfunctory bond hearing. The hearing lasted more than 14 minutes.[14] The IJ asked Gonzalez Perez several questions about his arrival to the United States, his community ties, and his criminal history.[15] She asked the Department of Homeland Security (DHS) for its position and allowed Gonzalez

---

[8] *Id.* at 3–4.

[9] *Id.* at 4.

[10] *Id.* (cleaned up).

[11] *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017).

[12] *Id.* (quoting *Laing*, 370 F.3d at 1000).

[13] ECF No. 8 at 6–10; ECF No. 15 at 3.

[14] *See* ECF No. 10.

[15] *Id.* at 0:54–4:40, 5:10–5:49, 6:37–7:42.

Perez to respond.[16] The IJ found that "it does appear as though [Gonzalez Perez] fall[s] within the class of individuals who are eligible for release on bond."[17] This finding applied the Ninth Circuit's holding in *Rodriguez Vazquez v. Bostock* that 8 U.S.C. § 1226(a) applies to noncitizens "who are present in the United States without admission" and does not require mandatory detention.[18] After considering the totality of the circumstances—including Gonzalez Perez's "child [who] was recently born in the United States" but limited family otherwise, "uncertain address," plan to move from Utah to Los Angeles with "some family in LA but not a lot," "failure to appear in a criminal proceeding," and pending asylum application—the IJ denied bond.[19] She found that Gonzalez Perez's limited family ties, imminent relocation, failure to appear in a prior criminal proceeding, and potential for a negative outcome in his asylum hearing made him a poor bail risk.[20]

Gonzalez Perez offers only conclusory arguments to support his claim that, despite the record of his custody-redetermination hearing and *Rodriguez Vazquez v. Bostock*, the IJ subjected him to mandatory detention without a bond hearing and the BIA would do the same. So I do not find that waiving exhaustion is appropriate based on Gonzalez Perez's speculation that the BIA would not follow *Rodriguez Vasquez*.

---

[16] *Id.* at 7:42–10:30.

[17] *Id.* at 10:31–11:05.

[18] *Rodriguez Vazquez*, 183 F.4th at 1184.

[19] ECF No. 10. at 11:07–13:38; ECF No. 9 at 4; ECF No. 9-1.

[20] ECF No. 9-1; *see Matter of R-A-V-P-*, 27 I. & N. Dec. 803, 805 (B.I.A. 2020) (finding that that an IJ "may consider the likelihood that relief from removal will be granted in determining whether a [noncitizen] warrants a bond" (cleaned up)).

***2. The clear-and-convincing evidence standard does not apply.***

Gonzalez Perez also argues that exhaustion would be futile because the IJ should have placed the burden on the government to "justif[y] the denial of bond by clear-and-convincing evidence" and, by placing the burden on him, the IJ applied a "fundamentally erroneous legal standard."[21] The Ninth Circuit in *Rodriguez Diaz v. Garland* held that an immigration judge may place the burden on the noncitizen in a custody-determination hearing.[22] The panel explained that the noncitizen normally bears the burden to show by a preponderance of the evidence that he is not a "threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk" to justify his release, these are known as the *Matter of Guerra* factors.[23] The panel rejected the petitioner's argument that the burden is instead on the government to show by clear-and-convincing evidence that the noncitizen is dangerous or a flight risk to comport with due process.[24] It acknowledged some of the reasons other courts have held that such a burden shift is necessary—i.e., placing the burden on noncitizens risks erroneous deprivation because they "face tremendous language and cultural barriers, have difficulty obtaining evidence, and often lack financial resources to hire an attorney"—but concluded that those barriers "bear no relation to the facts of this case" because Rodriguez Diaz had an attorney, was able to present evidence, and spoke English.[25]

---

[21] ECF No. 15 at 3 (cleaned up).

[22] *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).

[23] *Id.* (quoting *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006)).

[24] *Id.* at 1211–12.

[25] *Id.*

Gonzalez Perez acknowledges the *Rodriguez Diaz* panel's finding but does not address why a burden shift should occur here.[26] And without more to consider from him, I find that the facts do not warrant one. Gonzalez Perez received a custody-redetermination hearing about five months after he was initially detained.[27] While the facts of Gonzalez Perez's bond hearing are distinguishable from *Rodriguez Diaz*—Gonzalez Perez was unrepresented at his hearing, communicated through an interpreter, and did not present a wealth of evidence[28]—it still appears that more is needed to shift the burden to the government.

An IJ has broad discretion to weigh the *Matter of Guerra* factors that the Ninth Circuit deemed sufficient, including whether the petitioner has a fixed address, the length of his residence in the United States, his family ties, employment history, record of court appearance, criminal record and seriousness of offenses, history of immigration violations, attempts to flee authorities, and manner of entry to the United States.[29] She can also "add any factors not mentioned or discount those that [we]re less probative."[30] Here the IJ concluded, based on the evidence presented, that Gonzalez Perez poses a flight risk.[31] And even though Gonzalez Perez contends that the IJ's findings were "not consistent with the record," he makes this argument based on the incorrect clear-and-convincing evidence standard without demonstrating that the IJ abused her discretion by denying bond.[32] Under these circumstances, I do not find it appropriate

---

[26] ECF No. 8 at 12.

[27] *Id.* at 2.

[28] *See* ECF No. 10.

[29] *Martinez v. Clark*, 124 F.4th 775, 783 (9th Cir. 2024) (citing *Guerra*, 24 I. & N. Dec. at 40).

[30] *Id.* at 783 (citing *Guerra*, 24 I. & N. Dec. at 40).

[31] *See* ECF No. 10 at 11:07–13:38; ECF No. 9-1.

[32] ECF No. 8 at 12–13; ECF No. 15 at 4, 7–8. District courts review an IJ's custody determination for abuse of discretion. *Martinez*, 124 F.4th at 784.

to waive the prudential exhaustion requirement. I do not address Gonzalez Perez's remaining waiver arguments because they also require me to find a due-process violation.[33] I thus deny Gonzalez Perez's petition.

## Conclusion

IT IS THEREFORE ORDERED that petitioner Joseph Gonzalez Perez's amended petition for a writ of habeas corpus **[ECF No. 8] is DENIED**.

IT IS FURTHER ORDERED that Joseph Gonzalez Perez's amended petition for a writ of habeas corpus **[ECF No. 8] is dismissed without prejudice, and the Clerk of Court is directed to CLOSE THIS CASE.**

U.S. District Judge Jennifer A. Dorsey
September 24, 2026

[33] *See* ECF No. 15 at 4 (arguing that exhaustion would be futile because the BIA would defer to the IJ's decision violating Gonzalez Perez's due-process rights and exhaustion should be waived because Gonzalez Perez "suffers irreparable injury every day he remains in jail in violation of his due-process rights" (cleaned up)).